Glenn R. Kantor – SBN 122643
 Email: gkantor@kantorlaw.net
Brent Dorian Brehm – SBN 248983
 Email: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
JOYCE HARRIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JOYCE HARRIS,<br><br>  Plaintiff,<br><br>  vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and BDO USA, LLP,<br><br>  Defendants. | CASE NO:  19-cv-04594-JSW<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**ERISA BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Joyce Harris, herein sets forth the allegations of her First Amended Complaint against Defendants Life Insurance Company of North America ("LINA") and BDO USA, LLP ("BDO").

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for breach of fiduciary duty under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining equitable relief, including equitable surcharge, under 29 U.S.C. § 1132(a). Plaintiff also seeks pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

2. Bruce Harris was, during all relevant periods, a resident in the County of Alameda, State of California. Plaintiff, Joyce Harris, was Bruce Harris's wife and the beneficiary of the life insurance benefits at issue herein. Plaintiff is a resident in the County of Alameda, State of California.

3. Plaintiff is informed and believes that Defendant, BDO USA, LLP is an organization located in and with its principal place of business in Chicago, Illinois and is the sponsor of an employee welfare benefit plan ("Plan"). The Plan purchased group life insurance coverage from Defendant LINA. The policy issued by LINA to the Plan bears the policy number FLX 964767/OK966377. This is the Plan under which Bruce Harris was a participant, and pursuant to which Plaintiff is and was entitled to life insurance benefits covering Mr. Harris's life. It is regulated by ERISA. BDO, as the Plan Sponsor and Plan Administrator, is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries. BDO maintains offices and transacts business in the Northern District of California and can be found in the Northern District of California.

4. Plaintiff is informed and believes that Defendant LINA is a corporation incorporated in and with its principal place of business in the state of Connecticut, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. LINA is the insurer of the life insurance benefits at issue in this Complaint under the Plan – and issued the group life policy at issue which bears the policy number FLX 964767/OK966377. LINA is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries.

5. BDO was LINA's agent regarding the life insurance benefits at issue herein and, more generally, all ERISA plan benefits insured by LINA.

6. The Plan does not contain a valid grant of discretionary authority to LINA or BDO.

7. BDO and LINA owe ERISA fiduciary duties to Bruce Harris and Joyce Harris under ERISA, including, but not limited to, with regard to the Plan.

8.  Defendants can be found in this judicial district and the Plan was administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2)

9.  Bruce Harris's effective date of insurance under the Plan was October 10, 2011. At all times relevant, Bruce Harris was covered under the Plan for $200,000 in basic life insurance, and another $250,000 in voluntary life insurance, for a total of at least $450,000 of life insurance coverage under the Plan.

10. Because Bruce Harris became disabled by cancer and treatment for his cancer, on or around July 17, 2015, Bruce Harris worked his last day for BDO. Because he was disabled, and LINA also insured BDO's disability benefits, Bruce Harris made a disability claim to LINA under BDO's disability Plan. LINA approved Bruce Harris's disability claim and paid disability benefits until the date Bruce Harris died of cancer.

11. As applicable to Bruce Harris's situation, the Plan provided for 12 months of continued insurance. According to LINA, since it has been determined that Mr. Harris's active service under the Plan ended on July 25, 2016, the Plan's continued insurance provision continued his life insurance coverage through July 24, 2016.

12. At all times relevant, BDO and LINA knew Bruce Harris's age, the date he left work, that he had not returned to work because he was disabled, that he suffered from cancer, and that he wanted to continue his life insurance benefits.

13. If Bruce Harris's coverage under the Plan ended, LINA was under an absolute contractual and fiduciary obligation to provide him with his conversion and portability options and the necessary paperwork to effectuate those options – both of which continued the life insurance.

14. If Bruce Harris's coverage under the Plan ended, BDO was under an absolute contractual and fiduciary obligation to inform LINA of this event such that it would provide him with his conversion and portability options and the necessary paperwork to effectuate those options.

3
FIRST AMENDED COMPLAINT

15. If Bruce Harris's coverage under the Plan ended, BDO had an independent fiduciary obligation to provide him with his conversion and portability options and the necessary paperwork to effectuate those options.

16. On November 25, 2015, LINA and BDO corresponded about Bruce Harris's specific situation and the need to notify him of his conversion privilege and portability option under the Plan after the running of the continuation of insurance provisions in the Plan. LINA and BDO discussed dairying this matter to offer Bruce Harris the opportunity to convert or port coverage within 31 days of the termination of his coverage after the Plan's applicable continuation of insurance provisions.

17. BDO and LINA never offered Bruce Harris the opportunity to convert or port his life insurance coverage despite both knowing they were under an obligation to do so.

18. From Bruce Harris's date of disability through at least October 17, 2016, BDO and LINA accepted premiums from Mr. Harris to continue his life insurance benefits knowing that he was disabled and not working. This went beyond the July 24, 2016 date LINA and BDO knew represented the end of the continued insurance provision. As a result, any claim that Mr. Harris's life insurance coverage terminated while he continued to pay premiums has been waived.

19. In a letter dated October 17, 2016, BDO informed Bruce Harris that his last day of employment with BDO was October 17, 2016. The letter included information regarding continuation of benefits upon separation from BDO. BDO informed Mr. Harris that LINA was going to contact him with his conversion and portability coverage options and provide the necessary paperwork. LINA failed to do this despite knowing all relevant facts. BDO failed to do this despite knowing all relevant facts.

20. Bruce Harris passed away on February 10, 2017 due to cancer.

21. In January 2019, Plaintiff made a claim for life insurance benefits covering Bruce Harris under the Plan.

22. In a letter dated January 29, 2019, LINA denied Plaintiff's claim.

23. Plaintiff timely appealed LINA's denial of benefits, explaining why benefits were payable and providing supporting evidence.

24. In a letter dated May 30, 2019, LINA wrongfully upheld the denial of benefits on appeal.

25. At no point prior to his death was Bruce Harris provided with conversion or portability options for his life benefits under the Plan.

## FIRST CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF
## UNDER ERISA 29 U.S.C. § 1132(a)
## AGAINST DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA AND BDO USA, LLP

26. Plaintiff incorporates by reference paragraphs 1-25 as though set fully set forth herein.

27. BDO is the Plan Administrator for the Plan.

28. As Plan Administrator for the Plan, BDO owes a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

29. LINA is the Claims Administrator for the Plan.

30. As Claims Administrator for the Plan, LINA owes a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

31. LINA breached its fiduciary duties under ERISA in the following respects:

　(a) Failing to follow ERISA's mandates in its communications with Bruce Harris or Plaintiff; and

　(b) Failing to provide Bruce Harris with conversion or portability rights under the Plan.

32. BDO breached its fiduciary duties under ERISA in the following respects:

　(a) Providing incorrect information to Bruce Harris and Plaintiff regarding the continuation of life insurance benefits covering the life of Mr. Harris under the Plan;

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

   (b) Misleading Bruce Harris and Plaintiff such that they believed life insurance benefits under the Plan were in effect when they were not;

   (c) Failing to provide Bruce Harris with conversion or portability rights under the Plan; and

   (d) Failing to inform LINA that Bruce Harris's coverage under the Plan had ended.

33. At all times relevant, LINA and BDO were each an ERISA Fiduciary and owed Bruce Harris and his beneficiary, Plaintiff, all the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a). LINA and BDO, respectively, breached said duties by, among other things, failing to discharge its duties solely in the interest of, and for the exclusive purpose of, providing benefits to participants and their beneficiaries, including Plaintiff herein. Further, LINA and BDO, respectively, breached said duties by failing to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

34. As a proximate result of the breach of fiduciary duty by LINA and BDO, respectively, Plaintiff has damages for loss of life insurance benefits in a total sum to be shown at the time of trial.

35. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 1132(a), including, but not limited to, equitable surcharge.

36. As a further direct and proximate result of this breach of fiduciary duty, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by LINA and BDO.

37. The wrongful conduct of LINA and BDO has created uncertainty where none should exist, therefore, Plaintiff is entitled to equitable remedies to remove that uncertainty.

## REQUEST FOR RELIEF

WHEREFORE, under the First Claim for Relief, Plaintiff prays for relief against LINA and BDO as follows:

1. Payment of the life insurance benefits due to Plaintiff plus applicable interest, or such other amount as is shown at time of trial, or the equitable equivalent by way of a finding of surcharge in the amount equal to the life insurance benefits under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

4. Such other and further relief as this Court deems just and proper.

DATED: December 12, 2019                     KANTOR & KANTOR, LLP

                                             By:   /s/ Brent Dorian Brehm
                                                   Brent Dorian Brehm
                                                   Attorneys for Plaintiff
                                                   JOYCE HARRIS